-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
05 JUN 10 PM 2:21

ARTHUR MOORE,

        Petitioner,

-v-

05-CV-0378A

MEMORANDUM and ORDER

MONROE COUNTY, New York, and
STEPHEN T. MILLER, Prosecutor,

        Respondent.

---

On April 7, 2005, plaintiff filed in the United States District Court for the District of Arizona a complaint pursuant to 42 U.S.C. § 1983 presumably alleging that he was unlawfully convicted in Monroe County, New York and that New York or Monroe County officials violated the Interstate Agreement on Detainers. On May 24, 2005, the United States District Court for the District of Arizona transferred the instant matter to this Court pursuant to 28 U.S.C. § 1406(a) because the District of Arizona was not a proper venue. See 28 U.S.C. § 1391(b).

On May 30, 2005, the Clerk of the Court received correspondence from plaintiff advising him that he intended to file a habeas corpus petition and that he wants this matter to be considered a habeas corpus petition.[1] While it is apparent to this Court that plaintiff intended to file a habeas corpus petition pursuant to 28 U.S.C. § 2254, he utilized a form complaint supplied by the District Court of Arizona and, therefore, the complaint was opened as titled--*i.e.*, an action under 42 U.S.C. § 1983.

---

[1] The Court will direct that this correspondence be docketed.

Generally, before a matter can be recharacterized as a habeas corpus petition pursuant to 28 U.S.C. § 2254, the Court has to give notice to the putative petitioner of the gate-keeping mechanism of 28 U.S.C. § 2244(b), which places strict limits on the filing of second or "successive" petitions challenging the same conviction, and provide the putative petitioner the opportunity to withdrawal the petition if he does not want it to be recharacterized as a habeas corpus petition under § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003); *Adams v. United States*, 155 F.3d 582 (2d Cir.1998) (per curiam). In the present situation, however, plaintiff has specifically asked the Court to treat his form complaint as a habeas corpus petition and, therefore, the Court finds that it is not required to give petitioner notice of the gate-keeping mechanism of § 2244(b) nor provide him the opportunity to withdrawal the complaint prior to its recharacterization. Accordingly, the Court will direct that this complaint be recharacterized as a habeas corpus petiton pursuant to 28 U.S.C. § 2254.[2]

IT IS HEREBY ORDERED, as follows:

1.  Permission to proceed as a poor person is granted and the Clerk of the Court is directed to recharacterize the instant complaint as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

---

[2]The Court is aware of the questions concerning the proper respondent in this matter, *see* 28 U.S.C. § 2243, and whether or not plaintiff is "in custody" pursuant to the judgment of the State of New York, *see* 28 U.S.C. § 2254(a). The complaint makes reference to a violation of the Interstate Agreement on Detainers and it is presumed that because plaintiff is presently in the custody of Arizona officials, New York may have lodged a detainer against him. In light of plaintiff's *pro se* status, the Court will not order him to show cause to address these issues because he has at least alleged enough to invoke the subject matter jurisdiction of the Court at this time and, instead, it will require the named respondents to address these two issues in its answer or other response to the petition.

2.      Pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondents shall file an answer to the petition with the Clerk of Court (and also serve a copy upon petitioner) no later than **July 25, 2005**. The answer shall respond to the allegations of the petition and shall state, as to every ground raised by petitioner, whether petitioner has exhausted state remedies, including any available post-conviction remedies. **If any ground is alleged not to have been exhausted, respondent shall identify such ground and expressly state whether it waives petitioner's requirement to exhaust.** Further, the answer shall address who is the proper respondent in this matter and whether the petitioner is now "in custody" pursuant to a judgment of the State of New York, and shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondents to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondents also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Court Clerk or any other official having custody of the records of the proceedings in Court at issue now before this Court shall submit such records to respondents or the respondents' duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court

hereby directs respondents to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondents may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the petition (complaint), together with a copy of this order, by certified mail, upon the Assistant Attorney General in Charge, Statler Towers, 4th Floor, 107 Delaware Avenue, Buffalo, New York 14202 and the District Attorney of Monroe County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENTS.**

SO ORDERED.

DATED:   Buffalo, New York
         June 9, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE